**Otis E. TURMAN, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

No. 25591.

United States Court of Appeals
Fifth Circuit.

Dec. 16, 1968.

Larry C. Roseborough, Dallas, Tex., for appellant.

Dunklin Sullivan, Asst. Atty. Gen., Crawford C. Martin, Atty. Gen., of Texas, Nola White, First Asst. Atty. Gen., A. J. Carubbi, Jr., Executive Asst., Rob-

ert C. Flowers, Asst. Atty. Gen., Austin Tex., for appellee.

Before JONES and COLEMAN, Circuit Judges, and CHOATE, District Judge.

PER CURIAM:

This appellant was convicted after a jury trial in the Criminal District Court for Dallas County, Texas, of the felony of rape and sentenced to imprisonment for a term of from five to fifty years. After exhaustion of those state post conviction remedies then available he sought federal habeas corpus.

The District Court appointed counsel for the petitioner and accorded an evidentiary hearing, at which Turman was present and testified. The Court then filed a written opinion in which it found that no relief was justified by either the law or the facts. We are of the view that the record supports these conclusions in all particulars save one. Specifically, we affirm the judgment of the Court denying relief on the following grounds asserted by the appellant: (1) his arrest was illegal, as without a warrant or probable cause; (2) he was prejudiced by evidence obtained as the result of an unlawful search of his home; and (3) no attorney was present to advise or counsel him when he allegedly confessed to the crime charged.

The District Court, however, did not deal directly or specifically with the matter of whether appellant was prejudiced by ineffective assistance of counsel. From an examination of the record as a whole we conclude that this issue should have the benefit of further scrutiny in the state courts under post conviction procedures now available in Texas, Article 11.07, Vernon's Ann.Texas Code of Criminal Procedure, as amended effective August 28, 1967. Without intimating any opinion thereon and reserving the issue for the full fact finding processes of the state court, we point out that this issue revolves around the alleged failure of retained counsel to inform the prisoner of his right to appeal as an indigent after counsel withdrew his representation because funds could not be raised to pay for his services on appeal.

Affirmed on the issues indicated; remanded for further proceedings on the issue of ineffective assistance of counsel.